UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEWIS CLARK TIERNEY, III, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:   21-1714 (RC) |
| | : | |
| v. | : | Re Document Nos.:   9, 19, 21, 24 |
| | : | |
| BARCLAY de WET, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**I.   INTRODUCTION**

Plaintiffs bring this shareholder derivative action based on alleged mismanagement of two closely held family corporations. The facts leading to this suit stretch back over a decade, but it is unnecessary to delve into them too deeply because it is clear that Plaintiffs have failed to allege subject matter jurisdiction based on diversity of citizenship. Accordingly, Defendants' motions to dismiss are granted on that ground. However, given that Plaintiffs believe that they could allege facts sufficient to entitle them to subject matter jurisdiction, they are granted leave to either amend their complaint or move for limited discovery relating to establishing diversity of citizenship.

**II.   BACKGROUND**[1]

Plaintiffs in this action are Lewis Clark Tierney, III, Christopher Scott Tierney, Lee Mountcastle Kenna Tierney, the Estate of Carolyn Kenna Tierney Griesemer, Carolyn Kenna Tierney GST Tax Exempt Trust, and Carolyn Kenna Tierney Trust; Defendants are Barclay de

---

[1] The factual background is drawn from Plaintiffs' complaint unless otherwise noted.

Wet, Laurence Smith, Peyton Tierney, Ann Tierney Smith,[2] Douglas Woloshin, Duane Morris LLP, the Tierney Corporation, and the Leatherwood Company.  Tierney Corporation is a closely held family corporation that itself owns a majority of shares of a second company, the Leatherwood Company.  Compl. ¶¶ 12–13, ECF No. 1.  After over a century of operation, Tierney Corporation is now "primarily owned by three families": those of Ann Tierney Smith, Matt Tierney, and Lewis Clark Tierney, who collectively own 69.3% of the company.  *Id.* ¶ 12.  This case arises out of longstanding complaints by some family members against others about decisions made by the companies on their watch.  However, it is not necessary to delve into the full history for the purpose of this opinion.

In short, Plaintiffs allege "more than 20 years of self-dealing and usurpation of corporate assets for the personal benefit of the Companies' Executive Committee members, including the Companies' President, her immediate family members, and the family attorney, Doug Woloshin," who is employed at Duane Morris LLP.  *Id.* ¶¶ 1, 36.  According to Plaintiffs, Woloshin made false representations to Board members regarding property values that led them to approve a transaction unfavorable to the companies.  *Id.* ¶ 1.  These actions allegedly benefited Defendants at the expense of the companies and shareholders.  *Id.* ¶ 2.

Plaintiffs have brought other, similar lawsuits.  In 2017, Plaintiffs brought a derivative action in West Virginia state court against certain Board members.  *Id.* ¶ 4.  The defendants there moved to dismiss for failure to make a demand pursuant to the West Virginia Rules of Civil Procedure, with Plaintiffs arguing that demand would be futile.  *Id.*  The court agreed with the

---

[2] After briefing for these motions concluded, counsel for Defendant Ann Tierney Smith filed a suggestion of death regarding Ms. Smith's passing.  *See* Suggestion of Death of Def. Ann Tierney Smith, ECF No. 40.  No party filed anything discussing how this would affect this case.  Accordingly, the Court sees no need to take action at this time.

defendants and dismissed the case. *Id.* Thereafter, Plaintiffs made a demand and then filed a second derivative action in 2018 "with the same allegations" in West Virginia state court. *Id.* "The 2018 Action asserts seven counts, premised largely on breaches of fiduciary duty, gross negligence, mismanagement, self-dealing, and corporate waste by Ann Tierney Smith, Matt Tierney, Doug Woloshin, and Duane Morris." *Id.* ¶ 39.

After the demand was made and the second lawsuit was filed, the companies launched an investigation into Plaintiffs' claims. *Id.* ¶ 4. This investigation included Tierney Corporation president Barclay de Wet hiring a law firm, Dinsmore & Shohl LLP, to investigate the allegations. *Id.* ¶ 45. Dinsmore wrote a 72-page report of its investigation and provided it to de Wet on May 19, 2020.[3] *Id.* ¶ 46. The next day, de Wet sent a letter to the companies' shareholders "urging them to vote to dismiss Plaintiffs' claims." *Id.* ¶ 48. She did not provide a copy of the Dinsmore report but did provide a summary. *Id.* Her letter also called for a shareholder vote ten days later to recommend dismissal of the claims. *Id.* ¶ 49. The shareholders voted to not pursue Plaintiffs' claims. *Id.* The Board convened the next day and voted to seek dismissal of Plaintiffs' claims. *Id.* ¶ 50. Accordingly, Defendants submitted a settlement agreement to the West Virginia court for approval that would settle the 2018 action and other related claims. *Id.* ¶ 79.

After the motions were briefed in this case, Defendants filed a notice of supplemental authority alerting the Court that "the West Virginia Business Court, presiding over Plaintiffs' Second Lawsuit, granted preliminary approval to the settlement between The Tierney

---

[3] According to Plaintiffs, "new facts were revealed to Plaintiffs" from this investigation, which prompted Plaintiffs to bring this additional action. Compl. ¶ 4. Namely, "it was through Dinsmore's investigation that Plaintiffs were finally able to obtain a copy of the Appraisal that had been fraudulently concealed from Plaintiffs by the Board, Executive Committee, Mr. Woloshin, and Duane Morris for more than a decade." *Id.* ¶ 51.

Corporation and The Leatherwood Company and Defendants Duane Morris, Douglas Woloshin, Ann Tierney Smith, and C. Matthew S. Tierney." Notice of Suppl. Auth. at 1, ECF No. 38. On its face, the preliminarily approved settlement purports to release Defendants from any claims asserted in this case, among other things. *See* Order Granting Prelim. Settlement Approval ¶ 12, ECF No. 38-1 (defining "Civil Actions" to include this case); *id.* ¶ 11(a) (listing as a principal term of the settlement agreement that "[t]he Companies shall release any and all claims against Defendants arising from or in any way related to the claims asserted in the Civil Actions"). In response, Plaintiffs point out that the shareholders have not yet approved the agreement and argue that there are several other reasons that, even if the agreement were approved by the West Virginia court and the shareholders, this Court should not dismiss the case. *See* Pls.' Resp. Defs.' Notice of Suppl. Auth., ECF No. 39. But Plaintiffs do not dispute the authenticity of the order granting preliminary approval. Subsequently, and shortly before this opinion was published, Defendants alerted the Court that the West Virginia court "granted final approval to the settlement agreement" and dismissed the state-court action with prejudice. Defs. Duane Morris LLP & Douglas Woloshin's Mot. Leave File Suppl. Br. at 2, ECF No. 42.[4]

      The complaint in this case alleges that this Court has subject matter jurisdiction premised on diversity of citizenship. Compl. ¶ 9 (alleging that "[t]he Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Action is between citizens of different States"). It lays out six claims: fraudulent misrepresentation; negligent misrepresentation; breach of contract and implied

---

[4] The deadline for Plaintiffs to respond to this motion has not yet passed, so the Court has not yet heard from Plaintiffs about this factual development, the motion for leave, or the proposed supplemental brief. However, this factual development does not affect the Court's diversity analysis and is noted here merely for completeness of the factual background. It is therefore not necessary to wait for Plaintiffs' response to this motion to issue this opinion.

covenant of good faith and fair dealing; aiding and abetting fraud; civil conspiracy; and removal of directors. *Id.* ¶¶ 82–116. Defendants Woloshin and Duane Morris move to dismiss the complaint on numerous grounds: lack of subject matter jurisdiction; *Colorado River* abstention; statute of limitations; claim preclusion; issue preclusion; failure to satisfy the demand requirement for derivative suits; failure to allege fraud with specificity; failure to allege a breach of the implied covenant of good faith and fair dealing; operation of the statutory safe harbor provisions of West Virginia's Business Corporation Act; lack of a stand-alone claim for civil conspiracy; and failure to allege the conduct required by the West Virginia director removal statute. Mem. P. & A. Supp. Defs. Duane Morris, LLP's & Douglas Woloshin's Mot. Dismiss Pursuant to Fed. Rules 12(b)(1) & 12(b)(6) ("Mem."), ECF No. 9-1; Pls.' Opp'n Defs. Duane Morris LLP's & Douglas Woloshin's Mot. Dismiss ("Opp'n"), ECF No. 25; Reply Supp. Defs. Duane Morris, LLP's & Douglas Woloshin's Mot. Dismiss Pursuant to Fed. Rules 12(b)(1) & 12(b)(6) ("Reply"), ECF No. 31. Three groups of other Defendants also moved to dismiss, incorporating some of Woloshin and Duane Morris's arguments—including their arguments regarding diversity subject matter jurisdiction—and making some additional arguments. Mem. P. & A. Def. Peyton Tierney Supp. Mot. Dismiss at 1 n.1, ECF No. 19-1; Defs. Barclay de Wet & Laurence Smith's Mot. Dismiss at 2 n.2, ECF No. 21; Def. Ann Tierney Smith's Mem. Supp. Mot. Dismiss at 2, ECF No. 24-1.

### III.  LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "presents a threshold challenge to the Court's jurisdiction." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (quoting *Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007)). In evaluating this challenge, a court must "presume[] that a cause lies outside [the

federal courts'] limited jurisdiction" and place "the burden of establishing the contrary . . . upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, "[w]hen a defendant files a motion to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 81 (D.D.C. 2016). The court must also accept "the allegations of the complaint as true," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), and "construe the complaint 'liberally,' granting plaintiff 'the benefit of all inferences that can be derived from the facts alleged,'" *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, "[b]ecause subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. For this reason, 'the plaintiff's factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (cleaned up) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)). "[A] court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *CostCommand, LLC v. PRS Software Sols., Inc.*, 73 F. Supp. 3d 111, 113 (D.D.C. 2014) (second alteration in original) (quoting *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000)), *aff'd sub nom. CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19 (D.C. Cir. 2016).

## IV.  ANALYSIS

As mentioned above, Defendants raise many arguments in their motions to dismiss. However, it is only necessary to address their first: subject matter jurisdiction based on diversity of citizenship.  "[S]ubject matter jurisdiction 'is, of necessity, the first issue for an Article III court,' for '[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds.'" *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (second alteration in original) (quoting *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981)); *see also Am. Farm Bureau v. U.S. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) ("The court cannot address any issue if it lacks subject matter jurisdiction . . . ."); *cf. Consumer Elecs. Assoc. v. Fed. Communications Comm'n*, 347 F.3d 291, 296 (D.C. Cir. 2003) ("As a court of limited jurisdiction, [the court] take[s] seriously any suggestion that [it] lack[s] the authority to act—even one raised at the eleventh hour . . . .").  "Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality.  '[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action.'" *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (alteration in original) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983)).  This is because Plaintiffs must demonstrate complete diversity, meaning that no plaintiff may be a citizen of the same jurisdiction as any defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "[A]n allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction." *Novak*, 452 F.3d at 906 (quoting *Naartex Consulting Corp.*, 722 F.2d at 792 n.20).  "[T]he citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *El Bey v. Narula*,

No. 20-CV-03841, 2021 WL 184361, at *1 (D.D.C. Jan. 15, 2021) (second alteration in original) (quoting *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004)).

      Plaintiffs' complaint has several defects regarding diversity.  First, the parties appear to agree that several Plaintiffs are citizens of the same states as Defendant Duane Morris LLP.  In their motion to dismiss, Defendants argue that Duane Morris LLP is a citizen of at least New York and Florida because one or more of the firm's partners are citizens of those states, and that Defendant Woloshin is also a citizen of Florida.  Mem. at 15; *see Boyd v. Kilpatrick Townsend & Stockton, LLP*, 79 F. Supp. 3d 153, 157 n.1 (D.D.C. 2015) (stating that limited liability partnerships are citizens of all states of which their partners are citizens).  Defendants support this argument with a declaration by Duane Morris's chief operating officer providing these facts about the Duane Morris partners and a declaration by Defendant Woloshin about his own state citizenship.  Mem. at 15; Mem. Ex. 8, Decl. of Charles J. O'Donnell, ECF No. 9-10; Mem. Ex. 9, Decl. of Douglas Woloshin, ECF No. 9-11.  They then point to the complaint's allegation that Plaintiff Lewis Tierney "currently resides in New York, New York," and the Florida address listed in the complaint for the trustee of the two trust Plaintiffs.  Mem. at 15; *see Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) (holding that "the citizenship of a traditional trust depends only on the trustees' citizenship").  Plaintiffs do not dispute any of this.  The parties therefore agree that the complaint as drafted fails to allege the complete diversity necessary for subject matter jurisdiction.  *See Caterpillar, Inc.*, 519 U.S. at 68.  Instead, "even assuming *arguendo* the accuracy of" the Duane Morris declaration, Plaintiffs urge the Court to either drop Lewis Tierney and the two trust Plaintiffs as dispensable parties or allow leave to file a motion to amend their complaint (while also acknowledging the citizenships of those three Plaintiffs as put forth by Defendants).  Opp'n at 5–6.  Were this the only defect in

diversity, the Court might have exercised its discretion under Federal Rule of Civil Procedure 21 to drop diversity-destroying parties, as urged by Plaintiffs. *See id.* at 5; Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) (Rule 21 "allows the district court to dismiss so-called 'jurisdictional spoilers'—parties whose presence in the litigation destroys jurisdiction—if those parties are not indispensable and if there would be no prejudice to the parties."). But there are other defects.

Second, Defendants are correct that "the Complaint does not contain a single allegation concerning the citizenship of the two trust Plaintiffs or of Defendants Barclay deWet, Lawrence Smith, Ann Tierney Smith, or Duane Morris LLP." Reply at 4.[5] The two trust Plaintiffs and Duane Morris are analyzed above using the parties' apparent agreement about their citizenships, but the fact remains that the complaint does not contain supporting allegations of citizenship for any of these parties. Plaintiffs do not dispute that the complaint lacks allegations of citizenship for these parties, and the paragraphs of the complaint concerning Defendants Barclay de Wet, Laurence Smith, and Ann Tierney Smith do lack any allegations regarding their citizenship or residence despite neighboring paragraphs doing so. *Compare* Compl. ¶¶ 32–33, 35 (no mention of citizenship or residence), *with* Compl. ¶ 34 ("Upon information and belief, [Peyton Tierney] is a resident of Lexington, Kentucky."). Plaintiffs merely argue—without citation to their complaint—that Lewis Tierney and the two trusts can be dropped because they are not indispensable, the remaining Plaintiffs are all citizens of Colorado, and none of the Defendants,

---

[5] Although Defendants raised this specific argument in reply and new arguments in reply are generally waived, here these are merely elaborations of the general argument made in Defendants' opening brief that "the Complaint fails to plead sufficient facts to establish diversity jurisdiction." Mem. at 14. Defendants can be forgiven for not sufficiently elaborating on every theory when their main theory was correct.

including Duane Morris, is a citizen of Colorado. Opp'n at 5. The Court "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *CostCommand, LLC*, 73 F. Supp. 3d at 113 (quoting *Scolaro*, 104 F. Supp. 2d at 22). But asking the Court to rely on a single, unsupported sentence in their brief arguing that no Defendant is a citizen of Colorado is a bridge too far. Plaintiffs could have submitted declarations in support of their brief, as Defendants did, or moved to amend their complaint, but they have not done so.

Last, although Defendants do not raise this issue specifically, several of Plaintiffs' allegations concern residence, not citizenship. For example, the complaint states that Plaintiff "Lewis Tierney currently *resides* in New York, New York" and Defendant Peyton Tierney "is a *resident* of Lexington, Kentucky." Compl. ¶¶ 24, 34 (emphases added). But "an allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction." *Novak*, 452 F.3d at 906 (quoting *Naartex Consulting Corp.*, 722 F.2d at 792 n.20); *accord Momenian v. Davidson*, 878 F.3d 381, 389 (D.C. Cir. 2017) ("Citizenship is determined by domicile, which is in turn determined by 'physical presence in a state, and intent to remain there for an unspecified or indefinite period of time.' Pleading a party's '*residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction.'" (citation omitted) (first quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984); and then quoting *Novak*, 452 F.3d at 906)).

In light of the concerns above with Plaintiffs' assertion of subject matter jurisdiction, the better course of action is to dismiss Plaintiff's complaint without prejudice. *See Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Tr.*, 841 F. Supp. 2d 198, 202 (D.D.C. 2012) (dismissing complaint without prejudice because "the Court cannot determine on the face of the First

Amended Complaint whether diversity exists here"), *rev'd on other grounds*, 843 F.3d 487 (D.C. Cir. 2016).  If Plaintiffs believe that they have the necessary information to plead citizenship of all parties (absent the ones they intend to drop) and still wish to pursue this case, they should move to amend the complaint.  If Plaintiffs feel that they need more information to allege diversity and cannot obtain this information voluntarily from Defendants, Plaintiffs may move for limited discovery on this issue.  The Court grants leave to file either an amended complaint or a motion for limited discovery regarding diversity within sixty days of the issuance of this opinion.  Because the Court cannot yet determine whether it has subject matter jurisdiction over this case, it will not yet address Defendants' other arguments for dismissal.  *See Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 78 n.6 (D.D.C. 2016) (declining to address "other arguments for dismissing the claim"—including other arguments about subject matter jurisdiction—after determining that court lacked subject matter jurisdiction).

## V.  CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 9, 19, 21, 24) are **GRANTED**.  However, Plaintiffs are granted leave to either file an amended complaint or move for limited discovery within sixty days of the issuance of this opinion.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 30, 2022                                       RUDOLPH CONTRERAS
                                                             United States District Judge